Good morning. I did not submit a reply brief in this case, and that's partly because I think the briefs, both the opening brief and the opposition brief, pretty well cover the issues. I know the court has a lot to read, but the case does raise an important issue of law, and I wanted to have an oral argument to address that issue. In reviewing the motion to dismiss the transcript of the argument in front of Judge Guilford, I saw that we reminisced about our own experience with getting bad grades in school, and Judge Guilford said that he would never consider filing a lawsuit about that. Counsel, let me just cut to the chase. It seems to me that there are some potentially crucial allegations that are missing. For example, I didn't see an allegation concerning what plaintiff's viewpoint is, and really there's no viewpoint expressed by the teacher either, other than surprise, which could be either pro or anti the president. There is no allegation that the currency of the social topic was something that was not applied equally to other students. I didn't see an allegation that the quality of the final paper was good. The number of mistakes that he made were not the same as those in the examples, so why isn't that sufficient to say that the First Amendment complaint is implausible? Well, Your Honor, first of all, as the court is aware, there was a complaint that was filed, and that complaint was dismissed, and I filed an amended complaint. I'm talking about the amended complaint. Right, and I asked for an opportunity for leave to amend. The comments and the decision that were the basis of the dismissal raised a number of issues that haven't been raised in connection with the initial complaint, and I think I should have been given an opportunity to amend. Some of the concerns that were raised, for example, the political position of the paper, certainly the position of the teacher as being anti-President Trump. There's nothing in the First Amendment complaint that suggests that. She made a comment about him. She was surprised. A lot of us were surprised. Surprise doesn't say pro or con. It simply says a prediction was different. A lot of people were surprised at the election. Including the President. She also called him an actor. Oh, yeah, he was on a TV show. I realize we're in Hollywood, but I think that could be construed as a negative comment about the President, and again, the allegation is that in context it was a negative comment about the President. Counsel, in paragraph 11 of your amended complaint, your client was told that his topic was too broad, too recent, and too biased. Yes. Does the teacher have the right to limit the topics? So, for example, could a teacher say, I don't want any topics that are overtly political as a prophylactic measure, because I do not wish to be put in the position of grading your politics, and I also, for that matter, don't wish to hear any topics that relate to religion, because I don't wish to be put into sort of a compromising position, so you may take any other positions, but nothing on either politics or religion. Can the teacher limit that? Well, the complaint also alleges that... Counsel, I thought that was a pretty straightforward question. Can you answer the question? Can a teacher limit the topics? The teacher has a lot of rights. Yeah, can the teacher limit the... The teacher does have a right to apply different standards to different students if they're motivated by... Counsel, I'd really like a straightforward answer to the question. Does the teacher have control over the classroom such that she may say, there are certain topics that are not qualified topics for this assignment, including topics relating to religion or politics? Yes. Okay. Did the teacher do that here? No. Not when she told him that his topic was too broad, too recent, and too biased? Well, we don't know whether that was a reaction to this particular topic, which was then changed, or whether that was a policy. If that were the policy and it was applied across the board, of course the teacher could do it. But we know, for example, from the requirements of the bibliography, that different standards were applied... Did you allege any place that anybody else did a political topic? I do, actually, Your Honor, and one of the things... Which paragraph would that be? I don't allege it in this complaint, but one of the things I wanted to do... But then it isn't alleged in front of us. If it's not in the First Amendment complaint, it isn't in the case. Well, I asked for an opportunity for leave to amend, and I told the court I had other evidence of other papers that I would present in an amendment. That is before the court. What the content of those other papers is, is not, I agree. May I ask you a question about, following on Judge Bybee's questions, how do you distinguish your case from the Sixth Circuit's case in Settle versus Dixon County? In Settle, the student had an approved topic, and on her own, without asking permission from the teacher, wrote about a completely different topic. And that was a totally different process. And also, that was not a case that was based on any evidence of discrimination, other than the fact that the topic that was eventually chosen by the student in that case was controversial. But there wasn't any other evidence in that case to show either circumstantial or direct evidence of prejudicial conduct. In paragraph 12, which is the paragraph immediately after paragraph 11, in which she told him that his topic was not acceptable, you have alleged, she warned Plaintiff, that if he adhered to his topic, he would receive a failing grade. That is, the topic itself was not acceptable. So having alleged that, where's the bias? Where's the First Amendment problem?  And if he persisted, he would receive a failing grade. The question is, what was the basis for that determination? Why do we have to get into the basis of that if she has told, if you told me from the outset that she can disqualify, for example, political or religious topics? Well, but we don't know that. That's what we don't know either way. Well, if we don't know that, then how do we have a complaint? Because we have evidence that the basis for rejecting the topic, the topic was rejected in part, a fair reading of the complaint, is that part of the problem was with the bibliography. Is part of what you are saying is that once she told the student that his topic was too broad and too reasoned and so forth, that her other reasons given for the failing grade were pretext? Yes. We have pretextual reasons, and I gave an example of a pretextual reason, which was that according to the instructions that were given, the bibliography was supposed to include a poem or a work of fiction if it was a social topic, and social topic was defined. But where does the pretext part come in? Well, the pretext was that another student, it's alleged in the complaint, that another student submitted a topic in a social issue like this one, which did not include a poem or a work of fiction, and that student wasn't penalized. And that's why you say this should have at least gone for summary judgment review. Well, the question is, what's an adequate complaint? And obviously if I didn't allege any conduct other than recite the elements of the various claims, then the court would have grounds under Ashcroft and so on to reject the complaint. But here there are specific facts alleged. I asked for an opportunity to amend to add additional facts. I was denied the opportunity to amend, and the facts alleged are sufficient. There's a case in a summary judgment context that talks about discrimination when you have to raise a tribal issue. This is Pacific Shores Properties versus City of Newport Beach. And a plaintiff need provide very little such evidence to raise a genuine issue of fact. Any indication of discriminatory motive may suffice to raise a question that can only be resolved by a fact finder. And we're at the pleading stage. We're not even at the summary judgment stage. And obviously there would have to be a lot more shown to get through summary judgment or some other proceeding in this case. Counsel, the paragraph 16 that refers to the other student who successfully submitted the paper on a social topic, but we have no idea what that social topic is. Well, again, if the deficiency in the complaint is, I said this literally in so many words to the judge, would you like to tell them? I could add a lot more language to the complaint about all the other papers that I. . . You had that opportunity, Counsel. That was the point that the district court gave leave to amend the complaint. And so it seems to me that to the extent you had that information, it needed to go into this version of the complaint. Well, I don't. . . I think I should have an opportunity. This is my first crack at it. There were issues raised in the initial motion to dismiss that I addressed, and new issues were raised in the order that led to this appeal. I asked for leave to amend. I have additional information to add. Leave to amend should be liberally granted. The time to deny leave to amend is when the party has already alleged all of the facts that he can. . . So what's the other paper? The other paper was about population, I believe. Population and environmental issues. That just has nothing to do with politics, though. Well. . . Or very little to do with politics. Environmental issues are the heart of the. . . But it's not the kind. . . It's very different in kind from a very recent, very contested political election when tempers were running very high. And there certainly seems to be a rational basis for a teacher to say, I'll take something related to the environment. Well, the environmental is quite controversial, first of all. But secondly, the point is that paper sailed by even though it lacked in the bibliography. Well, it may have had lots of other compensating factors. But that's a matter of. . . And do you want the court to grade these papers? That's a matter of weighing the facts. Well, I think that maybe that's what has to happen. Is there some reason that when you were proposing to the district court an amended complaint, you did not attach a proposed amended complaint so that it could actually be seen what additional facts you would be bringing to the table? No, this all happened. I don't remember. . . on a somewhat limited basis, but I didn't do it. I don't think it's necessary. I did explain to the court what additional materials I had. Counsel, if we were to follow your theory of the First Amendment, and your answer to me just a minute ago was that, yes, the court will end up grading these papers, you also could have brought an equal protection claim, right? Or certainly other students could bring an equal protection claim. And even if there wasn't an allegation based on race or sex or gender or something else, this court would still have to review that paper to see whether it satisfied minimum rationality, wouldn't it? That might require us to grade the entire set of papers over again. It might. I'm focused here mostly on the sense of. . . What limiting principle is there then in our Constitution or in our law between the court having to teach every class in America and grade all the essay papers? If I could get out of grading essay papers in law school, I'd be delighted to shove it off on a court, especially if I could stick it with my colleagues and not have to do it myself. Well, I understand, Your Honor, but I think that the equal protection argument is a much more difficult argument. I don't think that the review of the papers for the purpose of the censorship complaint is more about the circumstantial factors that weigh in favor of there being censorship. I don't think it's a question of re-grading the papers. Thank you, counsel. You've exceeded your time by quite a bit, but we appreciate your comments. Thank you very much. Yes, we appreciate that. Thank you. We'll hear from the appellee. Good morning, Your Honors. May it please the Court. At the outset, yes. Do you want to introduce yourself for the record, please? Thank you, Your Honors. My name is Nazli Alimi. I represent the Rowland Unified School District and the individually named district defendants, Ms. Lamar and Mr. Brunier. At the outset, Your Honors did ask Mr. Most whether teachers have a right to limit or dictate what topics or any other needs of the paper to comply with their directions. This plaintiff, this appellant, violated several of the rubric's instructions, not just one and the one that he's focusing on, which is this political bias. As the Court indicated, there was just one fleeting comment at some unknown time where many people were shocked about President Trump, a TV star, becoming a president. That in and of itself was not enough to allege political bias and the reason why this paper failed. So you know that there is some cabining time period, right? November to January. Correct. And so are you saying that that time period is too long to support an inference of a nexus, or do you not make that contention? Well, it wouldn't just have been from November to January, Your Honor. It could have likely occurred during the semester while the paper was still being graded. The paper itself was the final result. There were several other instructions and minorly graded parts of the paper that were graded. For instance, introduction of the topic. That's when the teacher said this topic is too broad, maybe think of something else. And that was quite early on. Correct. And then there was also several outlines that needed to be submitted of what the paper was going to address. And again, the teacher at that point, this was all actually addressed in the original complaint when the paper and attachments to the paper were included as an exhibit. So this was actually considered during the original complaint's motion to dismiss. But nevertheless, the teacher did pull appellant aside several times to say, look, let's work together, you're going to fail this paper, not because of any political bias, but certainly out of a concern that he was not following the directions of the rubric. I have a couple of procedural questions. And the first is you've alluded to the original complaint, but it has passed out of the picture. So do you agree that all we can look at now is the First Amendment complaint? Yes, Your Honor. And I was only bringing that in as context. However, ultimately, in the ruling on the First Amendment complaint, the district court judge did indicate in his written ruling that when appellant's counsel indicated that there were other topics that may be able to be introduced if he was granted another leave to amend. That was actually my second question. That seems to me to be the most, for me personally, just speaking for myself, the most challenging part of this case is that there wasn't another opportunity given for leave to add more detail. We don't know what the detail is because, as Judge Harjot had said, there wasn't a proposed Second Amendment complaint. But why was that an appropriate ruling? Thank you, Your Honor. So ultimately, when Mr. Most, appellant's counsel currently, was brought in on the case, he indicated at the motion to dismiss of the original complaint that he knew of several facts and wanted to include these into a First Amendment complaint. At that point, school was already about to end. So all of the facts that were necessary for counsel to plead in on behalf of the plaintiff would have already been known. Therefore, that's why the court granted him leave to amend. But he said he had additional facts. Right. That's the question. And those should have been included in the First Amendment complaint, and they weren't fully and actually, you know, non-conclusorily included in this complaint. He made speculative and conclusory arguments and allegations in the First Amendment complaint when he should have maybe just added more factual allegations to allow the their alleging political bias, and he did not do that. So what the district court did do is say that the facts in the amended complaint make it equally plausible that the plaintiff's failing grade was the result of plaintiff's refusal to follow directions and not because of defendant's alleged bias. Why is that not at odds with Twombly and Igbal that require giving the deference to the inference to the pleader, but also making it a plausibility, not a proof standard? If the court thought it was equally plausible, why does that not satisfy Twombly, even though the court clearly was inclined to think that this was not a case that would eventually end up successful? Yes. So I think that portion of the complaint was dealing with the differential treatment that was given to the student when alleging that another student's bibliography maybe might have given more credence than his, or if another topic was just as broad, but his was more scrutinized. But ultimately, the political bias comment, the allegations to try and support that, which is really the crux of whether or not a First Amendment violation did occur, he didn't plead that. He didn't plead enough. But if the court found that they were equally plausible under Twombly and Igbal, what should the court have properly done? Then there might be an argument for leave to amend at that point. However, I just think, taken as a whole, that that wasn't just the only thing that was being focused on, that, sure, there is differential treatment, and maybe there is a potential that one person's paper and another person's paper might have been given different treatment for a number of reasons. But that leads back to Your Honor Bybee's comments regarding, well, then this will inject the court improperly into grading and reviewing papers, basically for an entire 10th grade honors English class. And that might also implicate FERPA violations and things that will now certainly be on my behalf. Are you claiming that there could never be a First Amendment claim in this context, in the context of a student paper, that a student could be punished for his or her viewpoint and expression of viewpoint? Oh, no, not at all. So at some level, I mean, at some level of egregiousness, the court would be injected into the discussion. Correct. And if that point did arise, it probably would have been at the time after he had made, plaintiff had made a number of more specific or at least sufficient allegations to actually bring to light a First Amendment violation. And that did not occur here. Even if he were granted leave to amend, the appellant's opening brief didn't even include specific facts to tailor what would occur if an amended complaint was, a chance to amend was provided. He simply states that we'll allege more facts to show a lopsided, you know, comments and acts upon the teacher that created this bias. He still nebulously alleges these kinds of facts without shedding light. The pretext. Isn't that part of the problem here, that the reason it's equally plausible is that while it doesn't sound, if you take the comment of the teacher and you construe it as neutral, it couldn't work. If you take the comment of the teacher as demonstrating an anti-President Trump bias, then the grounds that she used to fail him while not failing others similarly situated could be construed as pretext, no? Isn't that the way we would do the analysis? That may be the way that the analysis may be done. However, again, there are other allegations in the complaint that essentially plead him out of his case. And that was actually addressed. Like what? Again, that he brings up these differential treatments of other students but then doesn't shed light on what occurred with those students' papers other than to simply allege one person was allowed a bibliography. He didn't allege what that paper's social topic was. He didn't allege other reasons why that paper might have passed while his failed. He simply just focuses on allegations that are conclusory and based on or will create a speculative and inferential leap that is not required at the pleading stage or should not occur at the pleading stage. Is that not the stuff of summary judgment? It is. However, again, at the pleading stage, there still should be enough facts that aren't speculative and conclusory, especially against a public entity like the district. The public entities are required to read complaints or plaintiffs who sue districts are supposed to plead with more specificity so that we as a district or a public entity know exactly what we did wrong to try and remedy that before it got to this pleading stage or now at an appellate stage. So under Twombly and Igbal, the pleading requirements are higher as to a public entity defendant? I believe when read along with the rights of a public entity under state law that there should be some treatment allowed or some requirements that a district be given more information than just speculative and conclusory allegations that are just leaning towards what the plaintiff wants the court to believe rather than what actually occurred. Thank you, counsel. Mr. Most, you used your time and then some, but we asked a lot of questions. You may have a minute for rebuttal if you wanted. Thank you, Your Honor. I'll be very brief. The court has indicated the concern I have here is that there is a germ of a complaint here. There are additional facts to be added. Leave to amend should have been granted and then the complaint judged on the full scope of the facts that the plaintiff could present. It's unfair and contrary to the rules to knock him out of court entirely based only on a pleading that I had a chance to do at once, but I learned a lot from that process. I want to go back and fix it, and I think I can, and I think the plaintiff should have the opportunity to do that. Thank you, counsel. Thank you. The case just argued is submitted, and we appreciate the arguments from both counsel.
judges: Graber, Bybee, Arterton